**FILED**

DEC - 8 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

LYNN M. JOHNSON                     )
136 Hardiman Place Lane             )
Madison, AL  35756                  )
                                    )
    Plaintiff                    )
                                    )        Case: 1:11-cv-02172
v.                                  )        Assigned To : Wilkins, Robert L.
                                    )        Assign. Date : 12/8/2011
BAE SYSTEMS, INC.                   )        Description: Employ Discrim.
4075 Wilson, Boulevard, 9th Floor   )
Arlington, VA  22203,               )
                                    )
BAE SYSTEMS INFORMATION             )
SOLUTIONS, INC.                     )
11487 Sunset Hills Road,            )
Reston, Virginia 20190,             )
                                    )
THOMAS S. SCHILLER                  )
11824 Charen Lane                   )
Potomac, MD  20654                  )
                                    )
    Defendants.                  )
_____)

### NOTICE OF REMOVAL

To:    United States District Court
    for the District of Columbia

    The Clerk Of The Superior Court Of The District Of Columbia

    Harry J. Jordan, Esq.
    1730 M Street, NW, Suite 400
    Washington, DC  20036

    PLEASE TAKE NOTICE that on the 8th day of December, 2011, Defendants BAE

Systems, Inc., BAE Systems Information Solutions, Inc. and Thomas S. Schiller (collectively,

"Defendants"), by and through counsel, hereby remove this civil action from the Superior Court

13997563v 1

of The District Of Columbia pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for this removal are as follows:

1.      Plaintiff Lynn M. Johnson commenced a civil action now pending in the Superior Court of The District Of Columbia entitled *Lynn M. Johnson v. BAE Systems, Inc , BAE Systems Information Solutions, Inc., and Thomas S. Schiller*, Civil Action No. 2011-CA-008753 B.

2.      The Summons and Complaint were served on Defendant Thomas S. Schiller on November 8, 2011.  The Summons and Amended Complaint were served on Defendant BAE Systems Information Solutions, Inc. on December 1, 2011.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants in this action are attached hereto as Exhibit 1 (Complaint, Summons, and Amended Complaint).

3.      Upon information and belief, Plaintiff Lynn M. Johnson is a resident of Madison, Alabama.  *See* Amended Complaint ¶ 4.

4.      Defendant BAE Systems, Inc. has its principal place of business in Arlington, Virginia and is incorporated in Delaware. *See* Decl. of Sylvia Lacy-Crow, attached as Exhibit 2; 28 U.S.C. § 1332(c).  Defendant BAE Systems Information Solutions, Inc. has its principal place of business in Arlington, Virginia and is incorporated in Virginia.  *See* Decl. of Donald Morrison in Support of Notice of Removal, attached as Exhibit 3; 28 U.S.C. § 1332(c).

5.      Defendant Thomas S. Schiller is a resident of Potomac, Maryland.

6.      Plaintiff's Complaint and Amended Complaint assert claims for gender discrimination, a hostile work environment, and retaliation in violation of the D.C. Human Rights Act, Chapter 14 of the D.C. Code, and common law negligence, intentional infliction of emotional distress, sexual battery and defamation.  Plaintiff seeks actual damages and punitive damages in the amount of $2,500,000. *See* Amended Complaint at 15.

2

13997563v 1

7.      This Court has original diversity jurisdiction of this action under 28 U.S.C. § 1332 because of the complete diversity of citizenship among the parties and because the amount in controversy exceeds $75,000.  Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441(a).

7.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of receipt of Plaintiff's Complaint.

8.      All Defendants join in and consent to removal.  28 U.S.C. § 1446(a).

9.      Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

10.     Notice of the filing of this Notice of Removal will be given to Plaintiff and will be filed with the Clerk of the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).  *See* Exhibit 4.

WHEREFORE, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 under this Court's original diversity jurisdiction.

Dated: December 8, 2011                    Respectfully submitted,

                                           BAE SYSTEMS, INC. and BAE SYSTEMS
                                           INFORMATION SOLUTIONS, INC.

                                           By:_____
                                              Raymond C. Baldwin, D.C. Bar No. 461514
                                              Taron K. Murakami, D.C. Bar No. 499300
                                              SEYFARTH SHAW LLP
                                              975 F Street NW
                                              Washington, DC 20004
                                              (202) 463-2400
                                              (202) 828-5393 (fax)
                                              rbaldwin@seyfarth.com
                                              tmurakami@seyfarth.com

                                           *Attorneys for Defendants BAE Systems, Inc. and
                                           BAE Systems Information Solutions, Inc.*

3

13997563v 1

THOMAS SCHILLER

By: _____

George M. Chuzi  DC Bar No. 336503
Kalijarvi, Chuzi, Newman & Fitch, P.C.
1901 L Street NW, Suite 610
Washington, D.C.  20036
(202) 331-9260
(866) 455-1504 (fax)
gchuzi@kcnlaw.com

*Attorneys for Defendant Thomas Schiller*

13997563v 1

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, this 8th day of December, 2011 on:

> Harry J. Jordan, Esq.
> 1730 M Street, NW, Suite 400
> Washington, DC  20036
>
> *Counsel for Plaintiff*

_____
Taron K. Murakami

I further certify that I promptly will cause a copy of this Notice of Removal to be filed with the Clerk of the Superior Court Of The District Of Columbia in accordance with 28 U.S.C. § 1446(d).

_____
Taron K. Murakami

13997563v 1

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Lynn M. Johnson

_____
Plaintiff

vs.

BAE Systems, Inc.                                    Case Number  **0008753-11**

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Harry J. Jordan, Esq. 047860                     _Clerk of the Court_
_____
Name of Plaintiff's Attorney

1730 M Street, NW, Suite 400                     By _____
_____
Address                                                              Deputy Clerk
Washington, DC 20036
_____
                                                                         Date _____
(202) 416-0216
_____
Telephone

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                          CASUM.doc



Form CA 1-A  Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Lynn M. Johnson
_____
*Plaintiff(s)*

v.                                         Case No: ___0 0 0 8 7 5 3 - 1 1___

BAE Systems, Inc.
_____
*Defendant(s)*

## NOTICE

To (insert name and address of the party to be served):

Serve: CT Corporation              Raymond C. Baldwin, Esq.
1015 15th Street, NW, Suite 1000   Seyfarth & Shaw
Washington, DC20005-2606           975 F Street, NW
                                   Washington, DC 20004-1454

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): Nov. 4, 2011.

_____          Nov. 4, 2011
*Signature*                               *Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____         _____         _____
*Signature*                     *Relationship to Defendant/Authority*   *Date of Signature*
                                *to Receive Service*

Para pedir una traducción llame al (202) 879-1828

如需翻译，请打电话 (202) 879-1828

Veuillez appeler au (202) 879-1828 pour une traduction

번역을 원하시면, (202) 879-1828 로 전화주십시요

11/23/11   05:41AM   Pack N Ship, LLC   3012170939   p.02



Form CA 1-A  Notice and Acknowledgment for Service by Mail

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Lynn M. Johnson
_____
*Plaintiff(s)*

v.                                    Case No: **0008753-11**

Thomas S. Schiller
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
   11824 Charen Lane
   Potomac, MD 20854
_____

   The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

   You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

   If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

   If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

   This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): Nov. 4, 2011

_____          Nov. 4, 2011
*Signature*                       *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

   I (print name) Thomas S Schiller          received a copy of the summons, complaint and initial
order in the above captioned matter at (insert address): 11824 Charen Ln
                                          Potomac, MD 20854

_____    Defendant          11/22/2011
*Signature*                *Relationship to Defendant/Authority   Date of Signature*
                           *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828         如需翻译,请打电话 (202) 879-4828         Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bản dịch, hãy gọi (202) 879-1828         [Amharic text] (202) 879-4828 [Amharic text]         번역을 원하시면, (202) 879-4828로 전화주십시오



Form CA 1-A  Notice and Acknowledgment for Service by Mail

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Lynn M. Johnson
_____
*Plaintiff(s)*

v.

Thomas S. Schiller
_____
*Defendant(s)*

Case No: **0008753-11**
_____

### NOTICE

To (insert name and address of the party to be served):
    11824 Charen Lane
    Potomac, MD 20854
_____
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date):  __Nov. 4, 2011__

_____
*Signature*

__Nov. 4, 2011__
*Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____            _____  _____
*Signature*                        *Relationship to Defendant/Authority  Date of Signature*
                                   *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Dè co mot số dịch hãy gọi (202) 879-4828        የትርጉም እርዳታ ለማግኘት (202) 879-4828 ይደውሉ        번역을 원하시면, (202) 879-4828 로 전화 주십시요

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Lynn M. Johnson
_____
Plaintiff

vs.

Thomas G. Schiller                          Case Number _____ 0008753-1

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Harry J. Jordan, Esq. #047860
_____
Name of Plaintiff's Attorney

1730 M Street, NW, Suite 400
_____
Address

Washington, DC 20036
_____

(202) 416-0216
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date ___ 11 4 2011 ___

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                        CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LYNN M JOHNSON
    Vs.                                          C.A. No.    2011 CA 008753 B
BAE SYSTEMS, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  November 4, 2011
Initial Conference: 9:00 am, Friday, February 03, 2012
Location:  Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001                                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office

NOV 0 4 2011

Superior Court of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| LYNN M. JOHNSON<br>136 Hardiman Place Lane<br>Madison, AL 35756,<br><br>Plaintiff,<br><br>        v.<br><br>BAE SYSTEMS, INC.<br>4075 Wilson Boulevard, 9th Floor<br>Arlington, VA 22203<br>Serve: CT Corporation<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005-2606,<br><br>and<br><br>THOMAS S. SCHILLER<br>11824 Charen Lane<br>Potomac, MD 20854,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 0008753-11

## COMPLAINT FOR VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, NEGLIGENCE, INTENTIONAL INFLICTION EMOTIONAL DISTRESS, SEXUAL BATTERY, AND DEFAMATION

Plaintiff Lynn M. Johnson ("Lynn Johnson" or "Plaintiff"), by and through her undersigned

counsel, files this complaint against Defendants BAE Systems, Inc. ("BAE Systems"), and Thomas

S. Schiller ("Schiller"), and as grounds therefor states:

### NATURE OF CASE

1.     This is an action by Lynn Johnson, an employee of the Defense Intelligence

Agency ("DIA"), under the District of Columbia Human Rights Act ("DCHRA"), D.C.

Code§§2-1401 (2001), et. seq., (1) against BAE Systems, a government contractor, seeking

compensatory and punitive damages, and certain equitable relief, resulting from sexual

harassment, including sexual battery, by Schiller, an employee of BAE, and her supervisor while they were deployed in Iraq, and for retaliation when she complained, and under the District's common law for negligence in its selection and supervision of Schiller; and (2) against Schiller personally, under District common law, for compensatory and punitive damages, for sexual harassment, sexual battery, and defamation.

## JURISDICTION AND VENUE.

2.      Jurisdiction of this court, with respect to BAE Systems, lies under DCHRA, D.C. Code §§2-1402.11 (2001) (Prohibiting Employment Discrimination), 2-1402.61 (2001) (Prohibiting Coercion and Retaliation), and under the District's common law relating to negligence, intentional infliction of emotional distress, sexual battery, and defamation. Similarly, this court has jurisdiction over the personal actions of Schiller under the District's common law.

3.      Venue is proper in that both Schiller and Lynn Johnson were assigned to Joint Base Anacostia Bolling ("JBAB") in the District before being deployed to Iraq, and both were supervised, controlled, and directed from JBAB at the time the activities under consideration occurred. On February 17, 2011, Schiller was ordered to return to JBAB headquarters, because of the events indicated below; he remained there until he was fired on June 3, 2011. Lynn Johnson returned to JBAB on June 17, 2011, before being reassigned on July 25, 2011 from JABA to DIA's Missile and Space Intelligence Center ("MSIC"), at Redstone Arsenal, in Huntsville, AL.

2

## PARTIES

4.       Lynn Johnson, a 39 year old female, has been employed as a DIA Staff Officer

since September, 2009.  She continues to be assigned to DIA's MSIC facility at Redstone

Arsenal, living nearby in Madison, AL.  Lynn Johnson is not married.

5.       BAE Systems is a global company engaged in the development, delivery, and

support of advanced defense and security aerospace systems. Its United States based segment is

headquartered in Arlington, VA; it also has offices in the District, including an on-site presence

at DIA's JBAB headquarters.

6.       Schiller was employed as a Senior Analyst by BAE Systems from 2009 until his

employment was terminated on June 3, 2011. He was initially assigned to JBAB headquarters in

the District and then to Iraq before being returned to JBAB on February 17, 2011.  Schiller is

married and lives in Potomac, Maryland.

## STATEMENT OF FACTS

7.       Lynn Johnson began her DIA career as a Staff Officer in The Office for Program

Management assigned to MSIC in Huntsville. Because advancement and promotions as a Staff

Officer were limited, she approached Patricia C. Brown, at the time Chief of the Office for

Integrated Intelligence at MSIC, regarding a lateral transfer to an Analyst position, which offered

more challenging work and significantly better career advancement opportunities.

8.       Ms. Brown had previously been deployed to Iraq and had volunteered in October,

2010 to go back as Chief of Operations, Support Element ("OSE").  While in Iraq, Ms. Wendy

Hart, who had worked with Ms. Brown under temporarily loan from JIOC A&PAQI Team

Threat Center ("AQI"), a joint-duty team made up of military and civilian personnel, asked to

remain assigned to Ms. Brown, rather than return to the AQI Team. Her reasons for wanting to

3

leave the AQI Team were that the working environment was gender hostile and she believed she was unfairly made to feel inadequate and incapable of performing her assigned duties. Ms. Brown approved Ms. Hart's request; so on December 18, 2010, when Lynn Johnson arrived in Iraq, she was deployed to fill Ms. Hart's AQI Team position. Upon arriving at the AQI Team billet, Schiller was designated, by the Senior AQI Team Leader, to be Lynn Johnson's trainer and first-line supervisor.

10.     Schiller attended the University of Aberdeen, Johns Hopkins University, and Northfield Mount Hermon; from October, 2009 until June 2, 2011, he was employed by BAE Systems to provide analytical support for DIA, at its headquarters in the District, and later on assignment to Iraq. Before being employed by BAE Systems, Schiller had a spotty employment history: from 2005 to 2009, he had never worked at any one place for more than two years, and generally as a consultant or lecturer. It took an unusual amount of time for him to be granted the required clearance, and even then, he needed political influence before he would be hired by BAE Systems.

11.     Schiller assigned Lynn Johnson what work she did, reviewed how she did it, made recommendations to Senior Intelligence Analysts, determined whether her work should be published, and evaluated and graded her overall work performance, which determined how successful her future career with DIA would be. Lynn Johnson sat next to Schiller all day; she was continuously under his supervision, direction, and control, and when he was assigned to the night shift so was Lynn Johnson.

12.     Upon arriving in Iraq, Lynn Johnson found a sexually charged workplace, the ratio of men to women on the day shift was 30 to 3, the night shift was even worse, 12 to 1; the women were deemed fair game. She now understood Ms. Hart's desperation not to return to her

AQI Team position: sexually explicit language, direct and indirect solicitation for sex, filthy jokes, unwanted touching, the display of sexually explicit materials and objects, and coercion for sex were rife. Lynn Johnson held her ground, refusing to become involved and making it unquestionably clear that she did not appreciate such conduct, all the while keeping her sights firmly set on completing her tour, without complications, so that she could be given a place in the Accelerated Career Transfer ("ACT") Program, which would lead to a permanent Analyst position.

13.     Though sexual harassment was widespread, Lynn Johnson was singled out for special attention by Schiller. About a week after she reported, Schiller told her that she was liked better than her predecessor (Ms. Hart) because she had "bigger tits"; on January 14, 2011, Schiller grabbed and squeezed Lynn Johnson's buttocks; a week later he told her, " I am so horny I could screw the crack of dawn," and "I want to hold you but I am torn—it could get out of hand." From December 18, 2011 through February 18, 2011, Schiller continuously made comments about her body and physical appearance, and inappropriately tried to touch her every chance he got. All during this time, Schiller kept a shapely female doll on his desk, bearing the legend, "The Perfect Woman," which when squeezed would make inappropriate sexist remarks; Schiller would often squeeze it in Lynn Johnson's presence.

14.     When Lynn Johnson continued to resist Schiller's sexual advances, he became very angry: he severely criticized her personally and her work, stating to her, around January 26, 2011, that he was going to tell the Senior Intelligence Officer, Joseph Gigliotti, to "be hard on her." Lynn Johnson continued to resists his advances and as a consequence, she was given the cold shoulder and ostracized by the male staff. Her work was suddenly severely criticized and not published. Schiller labeled her as incompetent, an opportunist, and of using the girl card to

5

advance her career into a position for which she was not qualified; senior male supervisors closed ranks and supported whatever Schiller said.

15.     On February 11, 2011, Lynn Johnson asked Richard Cappelli, the Senior Intelligence Officer, for his assistance in resolving Schiller's sexual harassment and retaliation because she had refused his sexual demands, his slander of her personally, and his unjustified criticism of her work product. Mr. Cappelli failed to respond. On February 13, 2011, after Lynn Johnson had requested another meeting, Mr. Cappelli met first with Mr. Gigliotti and later that day they met with her. Instead of helping her, as she had hoped, they criticized her for not following the chain of command and did nothing about her complaints of sexual harassment and retaliation.

16.     About two weeks into her assignment to the AQI Team, Lynn Johnson called Ms. Brown and told her of her experiences, letting her know, with examples, how abusive the work environment was. Ms. Brown was supportive, encouraging her to "have thick skin" and to tough it out. At that time, Ms. Brown disclosed to Lynn Johnson that one of Ms. Hart's reasons for leaving the AQI Team was the hostile work environment. Lynn Johnson continued to keep in touch with Ms. Brown, sending her a series of emails over the next three months describing, in detail, the sexual harassment and retaliation she was experiencing and the lack of support from senior intelligence personnel to correct the situation. Ms. Brown encouraged Lynn Johnson to report everything to her chain of command.

17.     Later when Lynn Johnson revealed to DeBorah Mack, DIA's personnel manager, that Schiller had sexually groped her on January 14, 2011, Ms. Mack insisted that she notify the Military Police, Provost Marshall's Office. On February 18, 2011, Lynn Johnson filed formal charges against Schiller with The Department of the Army, U.S. Army Criminal Investigation

6

Command, ("CID"), Camp Liberty CID Office. Special Agent Ray C. Owens, Army Criminal Investigation Command, was assigned to investigate the matter.

18.     Agent Owens interviewed Ms. Brown on February 18, 2011; she confirmed that Lynn Johnson had complained of sexual harassment by Schiller, detailing how she had reported that Schiller had made unwanted sexual advances, was verbally abusive, and had grabbed her buttocks outside DFAC dinning hall in mid January, 2011.

19.     Schiller was interviewed on March 11, 2011 at JABA headquarters in the District, where he had been transferred after Lynn Johnson filed her formal complaint; he refused to be interviewed under oath or to take a polygraph test. Schiller claimed that he traded sexually-oriented banter with Lynn Johnson, "but denied he ever seriously propositioned her sexually." Schiller admitted that he may have accidentally touched her buttock during horseplay, but denied he ever intentionally placed a hand on her and that it was possible he may have touched Lynn Johnson in the general region of her buttocks when they were leaving the DFAC.

20.     Rachel Allen, a female employee of BAE Systems, and who shared a CHU with Lynn Johnson, told Agent Owen that plaintiff had complained to her about Schiller's sexual jokes and had told her that he had touched her buttocks. Captain Josh Micko told Agent Owen that allegedly there was constant sexual banter between Lynn Johnson and Schiller; he also said that Schiller was short with Lynn Johnson and could be abrasiveness. Captain Micko failed to explain why he had not intervened to stop the claimed sexual byplay and gender hostility, as required by U.S. Military Justice Act and other applicable laws, rules, and regulations.

21.     CID issued its Investigative Report on April 28, 2011, finding that probable cause had been established that Schiller committed the offense of Wrongful Sexual Contact when he grabbed Lynn Johnson's buttocks, without permission, while they were exiting the DFAC. Trial

7

counsel, USF-1, Camp Liberty, Iraq, had previously opined that there was probable cause to believe that Schiller had committed the offense as charged. The report was forwarded to Criminal Investigation Command; the Commander, in a report dated May 7, 2011, held that Schiller had engaged in wrongful sexual conduct (sexual harassment) in violation of U.S. Military Justice Act, Article 120-U. BAE Systems, as described before, fired Schiller on June 3, 2011.

22.     Lynn Johnson's expectation of a promotion to a permanent Analyst's position was effectively over because of Schiller's, and other senior personnel's, false characterization of her work product as unsatisfactory and her transfer, to protect her from further retaliation, to a Staff Officer billet before her tour of duty was completed. In this vein, plaintiff discovered shortly before her return to the United States, that one of her projects, deemed unworthy of publication by Schiller, had been published under another's name.

23.     As a consequence of Schiller's sexual harassment, sexual battery, and retaliation, Lynn Johnson experienced severe physical and emotional health problems; she sought medical attention while she was in Iraq and on her return to the United States. Her doctors have diagnosed her as suffering from anxiety and depression, evidenced by difficulty sleeping, lack of concentration, recurrent nightmares, eating disorders, weight gain, and a lack of sense of personal safety and control. Lynn Johnson is also being treated for an adrenal disorder, traceable to extreme stress, which in turn has caused her to develop a thyroid condition that will require long-term medical attention.

## STATEMENT OF CLAIMS

### COUNT I: BAE SYSTEMS
### GENDER DISCRIMINATION
### IN VIOLATION OF D.C. CODE §2-1402.11(a)(1)(2010)

24.     Plaintiff adopts and incorporates by reference paragraphs 1 through 23 above.

25.     Section 2-1402.11(a)(1) of the DCHRA makes it an unlawful practice for an

employer to discriminate against an employee because of gender with respect to compensation,

terms, conditions, or privileges of employment, including promotions, or to limit, segregate or

classify employees in any way which would deprive, or tend to deprive, any individual of

employment opportunities or otherwise adversely affect such person's status as an employee.

Under D.C. law, an employer can be liable for the conduct of a supervisor with authority over

another co-worker or third party.

26.     Plaintiff, an adult female, is a member of the class protected under §2-

1402.11(a)(1) of the DCHRA; she was subject to continuous, unwelcome, and repulsive sexual

advances, and unwanted and unprovoked requests for sexual favors by Schiller, her supervisor

and employee of BAE Systems, while she was deployed to Iraq. She rejected his advances and

he retaliated adversely affecting her compensation, and the terms, conditions, and privileges of

her employment at the time and future likelihood of advancement.

27.     Schiller's sexual harassment of plaintiff occurred within the scope of his

assignment, duties, and responsibilities as Lynn Johnson's supervisor, trainer, and overseer of

her day-to-day activities; BAE Systems, as Schiller's employer, is therefore responsible for his

actions under the DCHRA.

28.     As a result of Schiller's activities, for which BAE Systems bears responsibility,

plaintiff lost promotional opportunities, and attendant benefits, and suffered severe emotional

9

distress, which has adversely affected her physical and mental health, entitling her to compensatory damages, and appropriate equitable relief, and because Schiller's actions were malicious, wonton, gross, and egregious, she is entitled to punitive damages.

### . COUNT II: BAE SYSTEMS
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF D.C. CODE §2-1402.11 (2010)

29.     Plaintiff adopts and incorporates by reference paragraphs 1 through 28 above.

30.     The DCHRA makes it "an unlawful discriminatory practice" for an employer to discriminate because of gender in (1) hiring, compensation, and terms conditions or privilege of employment, including promotions; (2) employment referrals and classifications; and (3) job training. D.C. Code §2-1402.11 (2010). An employer is liable for the prohibited actions of its employee under this provision whether involving a co-employee or fellow worker.

31.     Plaintiff, an adult female, is a member of the class protected by this provision; she was the victim of unwelcome and unprovoked sexually offensive conduct and derogatory epithets, slurs, negative stereotyping, sexual battery, and threatening, intimidating, and other hostile acts by Schiller in his capacity as her supervisor and trainer. BAE Systems is responsible, under the DCHRA, for Schiller's unlawful conduct.

32.     Because plaintiff was maliciously, wantonly, and cruelly subjected to severe psychological and physical stress as a result of the demeaning sexually charged environment created by Schiller, she suffered intense emotional distress, nervousness, tension, difficulty sleeping, weight issues, loss of self-esteem, and social conflicts, entitling her to compensatory damages, and because Schiller's conduct was vicious, egregious, and gross, plaintiff is entitled to punitive damages from BAE Systems under the DCHRA for the actions of Schiller.

## COUNT III: BAE SYSTEMS
## RETALIATION
## IN VIOLATION OF D.C. CODE §2-1402.61 (2010)

33.     Plaintiff adopts and incorporates by reference paragraphs 1 through 32 above.

34.     The DCHRA makes it "an unlawful discriminatory practice" for an employer to take adverse action against an employee "wholly or partially for a discriminatory reason." DC Code §§2-1402.11(a) (2010). The DCHRA also makes it an unlawful employment practice to retaliate against an employee for opposing an employment practice that is prohibited by the Act. D.C. Code §§2-1402.11(a), 2-1402.61(a).

35.     BAE Systems, as Schiller's employer, is responsible for Schiller's unlawful retaliatory conduct under §2-1402.61, in that his threats, obfuscation, and revengeful actions, because she refused his sexual advances were the proximate cause of, and clearly linked to, the interference with plaintiff's exercise and enjoyment of her statutory right to protection from sexual harassment and to be free from an abusive and hostile work environment.

36.     As a result of Schiller's retaliation, and by extension BAE Systems as his employer, plaintiff suffered the loss of a promotion to a permanent Analyst position, and related fringe benefits, and sustained severe emotional distress, entitling her to compensatory damages, and because Schiller's retaliation was so malicious, evil-mindedness, and egregious, plaintiff is also entitled to punitive damages.

## COUNT IV: BAE SYSTEMS
## NEGLIGENCE

37     Plaintiff adopts and incorporates by reference paragraphs 1 through 36 above.

38.     BAE Systems was responsible for seeing that its employees, especially those like

11

Schiller in close contact with and supervising women, were familiar with and observed the laws against sexual harassment and retaliation in the work place. That duty extended to Schiller and his relationship with plaintiff as her supervisor and trainer.

39.    BAE Systems failed to properly investigate Schiller's background and history with female peers, subordinates, and those he would be called upon to supervise. Had this been done thoroughly it would have developed that Schiller had well-known personal animosity toward women and had engaged in sexual harassment and other uncomfortable activities under similar circumstances in the past, including involving AQI Team female personnel before plaintiff arrived in Iraq.

40.    Having breached its duty to reasonably investigate the employment history of Schiller, especially his reputation in this regard in Iraq before plaintiff arrived, BAE Systems was negligent and its negligence was the proximate cause of the damages plaintiff has suffered.

41.    Plaintiff therefore seeks compensatory damages from BAE Systems for the sexual harassment, retaliation, and lost employment opportunities she has suffered because of the conduct of its employee, Schiller, all of which would not have occurred if BAE Systems had properly investigated Schiller's background and exercise effective supervisory control of him while he was in Iraq.

## COUNT V: BAE SYSTEMS/SCHILLER
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.    Plaintiff adopts and incorporates by reference paragraphs 1 through 41 above.

43.    Intentional infliction of mental distress and emotional anguish is extreme or outrageous conduct that can be expected to distress a person of ordinary sensibilities and cause

12

49.     BAE Systems, as Schiller's employer, is liable for the tortious conduct of Schiller and responsible, as is Schiller personally, in damages, for the emotional and physical distress suffered by plaintiff resulting from Schiller's conduct.

50.     As a result of the Schiller's tortious conduct, Lynn Johnson is entitled to compensatory damages from Schiller and BAE Systems for the emotional distress she suffered, and continues to suffer, and because his conduct and actions were so extreme, outrageous, and egregious, without any mitigating circumstances, plaintiff is entitled to punitive damages from defendants for her injuries.

### COUNT VII: BAE SYSTEMS/SCHILLER DEFAMATION

51.     Plaintiff adopts and incorporates by reference paragraphs 1 through 50 above.

52.     Schiller, maliciously, in retaliation of plaintiff's rejection of his sexual advances, communicated, in writing and orally, factually false information to senior DIA officials, and others, that plaintiff's work product was faulty, inaccurate, poorly written, and below the standard for publication, and that she could not meet the required standards of a competent Analyst, when, in truth, her work had previously been accepted for publication by Schiller, and before she returned to the United States, was published under another's name.

53.     Schiller willful and malicious communication of such false information severely damaged plaintiff's reputation, caused her to be transferred from her Analyst position before her tour of duty was completed, and adversely affected her anticipated appointment to a permanent Analyst position.

54.     BAE Systems, as Schiller's employer, is liable, under the concept of respondeat superior, for the tortious conduct of Schiller and responsible, as is Schiller personally, for the damages plaintiff has suffered to her reputation and loss of career advancement.

14

55.     As a result of the Schiller's malicious and revengeful defamation of Lynn Johnson personally and her work product, she has been denied the opportunity to become an Analyst. Plaintiff is therefore entitled to compensatory damages from Schiller and BAE Systems for such lost opportunity, and because Schiller's conduct was willful, intentional, deliberate, egregious, and her reputation potentially damaged beyond repair, she is entitled to punitive damages.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment in her favor against BAE Systems and Schiller, jointly and severally as described above, as follows:

(A)     The award of actual damages suffered, plus interest, in an amount to be determined at trial;

(B)     The award of punitive damages in the amount of $2,500,000;

(C)     The award of the costs of this suit, including attorney's fees; and

(D)     An order granting plaintiff such further relief, including equitable relief, as the court deems just and reasonable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues and damages arising from this lawsuit.

Respectfully submitted,

Harry J. Jordan, Esq. Bar No. 047860
1730 M Street, NW, Suite 400
Washington, DC 20036
(202) 416-0216
hjjlalw@msn.com
Plaintiff's Counsel

Dated: November 4, 2011

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **LYNN M. JOHNSON**<br>**136 Hardiman Place Lane**<br>**Madison, AL 35756,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | |
| **BAE SYSTEMS, INC.**<br>**Serve: Linda Hudson,**<br>**President and Chief Executive Officer,**<br>**Ian T. Graham,**<br>**Sen. Vice President & General Counsel,**<br>**4075 Wilson Boulevard, 9th Floor**<br>**Arlington, VA 22203,** | ) ) ) ) ) ) ) ) | Civil Action No. 2011 CA 008753 B<br>Judge Michael L. Rankin<br>Next Event: Initial Conference<br>February 3, 2012 |
| **BAE SYSTEMS INFORMATON**<br>**SOLUTIONS, INC.**<br>**Serve: CT Corporation System**<br>**1015 15th Street, NW**<br>**Suite 1000**<br>**Washington, DC 20005, and** | ) ) ) ) ) ) ) | |
| **THOMAS S. SCHILLER**<br>**11824 Charen Lane**<br>**Potomac, MD 20854,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## AMENDED COMPLAINT
### VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, NEGLIGENCE, INTENTIONAL INFLICTION EMOTIONAL DISTRESS, SEXUAL BATTERY, AND DEFAMATION

Plaintiff Lynn M. Johnson ("Lynn Johnson" or "Plaintiff"), by and through her undersigned

counsel, files this complaint against Defendants BAE Systems, Inc. and BAE Systems Information Solutions

(collectively "BAE Systems"[1]), and Thomas S. Schiller ("Schiller"), and as grounds therefor states:

---

[1] BAE Systems shall include BAE Systems Information Solutions, Inc. ("BAE Information/Solutions) unless otherwise referred to for ease of discussion.

## NATURE OF CASE

1.      This is an action by Lynn Johnson, an employee of the Defense Intelligence

Agency ("DIA"), under the District of Columbia Human Rights Act ("DCHRA"), D.C.

Code§§2-1401 (2001), et. seq., (1) against BAE Systems, a government contractor, seeking

compensatory and punitive damages, and certain equitable relief, resulting from sexual

harassment, including sexual battery, by Schiller, an employee of BAE, and her supervisor while

they were deployed in Iraq, and for retaliation when she complained, and under the District's

common law for  negligence in its selection and supervision of Schiller; and (2) against Schiller

personally, under District common law, for compensatory and punitive damages, for sexual

harassment, sexual battery, and defamation.

## JURISDICTION AND VENUE.

2.      Jurisdiction of this court, with respect to BAE Systems, lies under DCHRA, D.C.

Code §§2-1402.11 (2001) (Prohibiting Employment Discrimination), 2-1402.61 (2001)

(Prohibiting Coercion and Retaliation), and under the District's common law relating to

negligence, intentional infliction of emotional distress, sexual battery, and defamation.

Similarly, this court has jurisdiction over the personal actions of Schiller under the District's

common law.

3.      Venue is proper in that both Schiller and Lynn Johnson were assigned to Joint

Base Anacostia Bolling ("JBAB") in the District before being deployed to Iraq, and both were

supervised, controlled, and directed from JBAB at the time the activities under consideration

occurred. On February 17, 2011, Schiller was ordered to return to JBAB headquarters, because

of the events indicated below; he remained there until he was fired on June 3, 2011. Lynn

Johnson returned to JBAB on June 17,  2011, before being reassigned on July 25, 2011 from

JABA to DIA's Missile and Space Intelligence Center ("MSIC"), at Redstone Arsenal, in Huntsville, AL.

## PARTIES

4.      Lynn Johnson, a 39 year old female, has been employed as a DIA Staff Officer since September, 2009.  She continues to be assigned to DIA's MSIC facility at Redstone Arsenal, living nearby in Madison, AL.  Lynn Johnson is not married.

5.      BAE Systems, Inc. is a global company engaged in the development, delivery, and support of advanced defense and security aerospace systems; BAE Information/Solutions is a subsidiary of BAE Systems and an operating arm of its security information operations in Iraq. BAE System's United States operations is headquartered in Arlington, VA; it also has offices in the District, including an on-site presence at DIA's JBAB headquarters.

6.      Schiller was employed as a Senior Analyst by BAE Systems and/or its information solutions operations, from 2009 until his employment was terminated on June 3, 2011. He was initially assigned to JBAB headquarters in the District and then to Iraq before being returned to JBAB on February 17, 2011.  Schiller is married and lives in Potomac, Maryland.

## STATEMENT OF FACTS

7.      Lynn Johnson began her DIA career as a Staff Officer in The Office for Program Management assigned to MSIC in Huntsville. Because advancement and promotions as a Staff Officer were limited, she approached Patricia C. Brown, at the time Chief of the Office for Integrated Intelligence at MSIC, regarding a lateral transfer to an Analyst position, which offered more challenging work and significantly better career advancement opportunities.

8.     Ms. Brown had previously been deployed to Iraq and had volunteered in October,
2010 to go back as Chief of Operations, Support Element ("OSE").  While in Iraq, Ms. Wendy
Hart, who had worked with Ms. Brown under temporarily loan from JIOC A&PAQI Team
Threat Center ("AQI"), a joint-duty team made up of military and civilian personnel, asked to
remain assigned to Ms. Brown, rather than return to the AQI Team. Her reasons for wanting to
leave the AQI Team were that the working environment was gender hostile and she believed she
was unfairly made to feel inadequate and incapable of performing her assigned duties. Ms.
Brown approved Ms. Hart's request; so on December 18, 2010, when Lynn Johnson arrived in
Iraq, she was deployed to fill Ms. Hart's AQI Team position.  Upon arriving at the AQI Team
billet, Schiller was designated, by the Senior AQI Team Leader, to be Lynn Johnson's trainer
and first-line supervisor.

10.     Schiller attended the University of Aberdeen, Johns Hopkins University, and
Northfield Mount Hermon; from October, 2009 until June 2, 2011, he was employed by BAE
Systems to provide analytical support for DIA, at its headquarters in the District, and later on
assignment to Iraq. Before being employed by BAE Systems, Schiller had a spotty employment
history: from 2005 to 2009, he had never worked at any one place for more than two years, and
generally as a consultant or lecturer. It took an unusual amount of time for him to be granted the
required clearance, and even then, he needed political influence before he would be hired by
BAE Systems.

11.     Schiller assigned Lynn Johnson what work she did, reviewed how she did it,
made recommendations to Senior Intelligence Analysts, determined whether her work should be
published, and evaluated and graded her overall work performance, which determined how
successful her future career with DIA would be. Lynn Johnson sat next to Schiller all day; she

4

was continuously under his supervision, direction, and control, and when he was assigned to the
night shift so was Lynn Johnson.

12.     Upon arriving in Iraq, Lynn Johnson found a sexually charged workplace, the
ratio of men to women on the day shift was 30 to 3, the night shift was even worse,  12 to 1; the
women were deemed fair game. She now understood Ms. Hart's desperation not to return to her
AQI Team position: sexually explicit language, direct and indirect solicitation for sex, filthy
jokes, unwanted touching, the display of sexually explicit materials and objects, and coercion for
sex were rife. Lynn Johnson held her ground, refusing to become involved and making it
unquestionably clear that she did not appreciate such conduct, all the while keeping her sights
firmly set on completing her tour, without complications, so that she could be given a place in
the Accelerated Career Transfer ("ACT") Program, which would lead to a permanent Analyst
position.

13.     Though sexual harassment was widespread, Lynn Johnson was singled out for
special attention by Schiller. About a week after she reported, Schiller told her that she was liked
better than her predecessor (Ms. Hart) because she had "bigger tits"; on January 14, 2011,
Schiller grabbed and squeezed Lynn Johnson's buttocks; a week later he told her, " I am so
horny I could screw the crack of dawn," and "I want to hold you but I am torn—it could get out
of hand." From December 18, 2011 through February 18, 2011, Schiller continuously made
comments about her body and physical appearance, and inappropriately tried to touch her every
chance he got. All during this time, Schiller kept a shapely female doll on his desk, bearing the
legend, "The Perfect Woman," which when squeezed would make inappropriate sexist remarks;
Schiller would often squeeze it in Lynn Johnson's presence.

14.     When Lynn Johnson continued to resist Schiller's sexual advances, he became

very angry: he severely criticized her personally and her work, stating to her, around January 26,

2011, that he was going to tell the Senior  Intelligence Officer,  Joseph Gigliotti, to "be hard on

her."  Lynn Johnson continued to resists his advances and as a consequence, she was given the

cold shoulder and ostracized by the male staff. Her work was suddenly severely criticized and

not published. Schiller labeled her as incompetent, an opportunist, and of using the girl card to

advance her career into a position for which she was not qualified; senior male supervisors

closed ranks and supported whatever Schiller said.

15.     On February 11, 2011, Lynn Johnson asked Richard Cappelli, the Senior

Intelligence Officer, for his assistance in resolving Schiller's sexual harassment and retaliation

because she had refused his sexual demands, his slander of her personally, and his unjustified

criticism of her work product. Mr. Cappelli failed to respond. On February 13, 2011, after Lynn

Johnson had requested another meeting, Mr. Cappelli met first with Mr. Gigliotti and later that

day they met with her. Instead of helping her, as she had hoped, they criticized her for not

following the chain of command and did nothing about her complaints of sexual harassment and

retaliation.

16.     About two weeks into her assignment to the AQI Team, Lynn Johnson called Ms.

Brown and told her of her experiences, letting her know, with examples, how abusive the work

environment was.  Ms. Brown was supportive, encouraging her to "have thick skin" and to tough

it out. At that time, Ms. Brown disclosed to Lynn Johnson that one of Ms. Hart's reasons for

leaving the AQI Team was the hostile work environment. Lynn Johnson continued to keep in

touch with Ms. Brown, sending her a series of emails over the next three months describing, in

detail, the sexual harassment and retaliation she was experiencing and the lack of support from

senior intelligence personnel to correct the situation. Ms. Brown encouraged Lynn Johnson to report everything to her chain of command.

17.     Later when Lynn Johnson revealed to DeBorah Mack, DIA's personnel manager, that Schiller had sexually groped her on January 14, 2011, Ms. Mack insisted that she notify the Military Police, Provost Marshall's Office.  On February 18, 2011, Lynn Johnson filed formal charges against Schiller with The Department of the Army, U.S. Army Criminal Investigation Command, ("CID"), Camp Liberty CID Office. Special Agent Ray C. Owens, Army Criminal Investigation Command, was assigned to investigate the matter.

18.     Agent Owens interviewed Ms. Brown on February 18, 2011; she confirmed that Lynn Johnson had complained of sexual harassment by Schiller, detailing how she had reported that Schiller had made unwanted sexual advances, was verbally abusive, and had grabbed her buttocks outside DFAC dinning hall in mid January, 2011.

19.     Schiller was interviewed on March 11, 2011 at JABA headquarters in the District, where he had been transferred after Lynn Johnson filed her formal complaint; he refused to be interviewed under oath or to take a polygraph test. Schiller claimed that he traded sexually-oriented banter with Lynn Johnson, "but denied he ever seriously propositioned her sexually." Schiller admitted that he may have accidentally touched her buttock during horseplay, but denied he ever intentionally placed a hand on her and that it was possible he may have touched Lynn Johnson in the general region of her buttocks when they were leaving the DFAC.

20.     Rachel Allen, a female employee of BAE Systems, and who shared a CHU with Lynn Johnson, told Agent Owen that plaintiff had complained to her about Schiller's sexual jokes and had told her that he had touched her buttocks. Captain Josh Micko told Agent Owen that allegedly there was constant sexual banter between Lynn Johnson and Schiller; he also said

that Schiller was short with Lynn Johnson and could be abrasiveness. Captain Micko failed to explain why he had not intervened to stop the claimed sexual byplay and gender hostility, as required by U.S. Military Justice Act and other applicable laws, rules, and regulations.

21.     CID issued its Investigative Report on April 28, 2011, finding that probable cause had been established that Schiller committed the offense of Wrongful Sexual Contact when he grabbed Lynn Johnson's buttocks, without permission, while they were exiting the DFAC.  Trial counsel, USF-1, Camp Liberty, Iraq, had previously opined that there was probable cause to believe that Schiller had committed the offense as charged. The report was forwarded to Criminal Investigation Command; the Commander, in a report dated May 7, 2011, held that Schiller had engaged in wrongful sexual conduct (sexual harassment) in violation of U.S. Military Justice Act, Article 120-U.  BAE Systems, as described before, fired Schiller on June 3, 2011.

22.     Lynn Johnson's expectation of a promotion to a permanent Analyst's position was effectively over because of Schiller's,  and other senior personnel's, false characterization of her work product as unsatisfactory and her transfer, to protect her from further retaliation, to a Staff Officer billet before her tour of duty was completed. In this vein, plaintiff discovered shortly before her return to the United States, that one of her projects, deemed unworthy of publication by Schiller, had been published under another's name.

23.     As a consequence of Schiller's sexual harassment, sexual battery, and retaliation, Lynn Johnson experienced severe physical and emotional health problems; she sought medical attention while she was in Iraq and on her return to the United States. Her doctors have diagnosed her as suffering from anxiety and depression, evidenced by difficulty sleeping, lack of concentration, recurrent nightmares, eating disorders, weight gain, and a lack of sense of

personal safety and control.  Lynn Johnson is also being treated for an adrenal disorder, traceable

to extreme stress, which in turn has caused her to develop a thyroid condition that will require

long-term medical attention.

### STATEMENT OF CLAIMS

### COUNT I: BAE SYSTEMS
### GENDER DISCRIMINATION
### IN VIOLATION OF D.C. CODE §2-1402.11(a)(1)(2010)

24.      Plaintiff adopts and incorporates by reference paragraphs 1 through 23 above.

25.      Section 2-1402.11(a)(1) of the DCHRA makes it an unlawful practice for an

employer to discriminate against an employee because of gender with respect to compensation,

terms, conditions, or privileges of employment, including promotions, or to limit, segregate or

classify employees in any way which would deprive, or tend to deprive, any individual of

employment opportunities or otherwise adversely affect such person's status as an employee.

Under D.C. law, an employer can be liable for the conduct of a supervisor with authority over

another co-worker or third party.

26.      Plaintiff, an adult female, is a member of the class protected under §2-

1402.11(a)(1) of the DCHRA; she was subject to continuous, unwelcome, and repulsive sexual

advances, and unwanted and unprovoked requests for sexual favors by Schiller, her supervisor

and employee of BAE Systems, while she was deployed to Iraq.  She rejected  his advances and

he retaliated adversely affecting her compensation, and the terms, conditions, and privileges of

her employment at the time and future likelihood of advancement.

27.      Schiller's sexual harassment of plaintiff occurred within the scope of his

assignment, duties, and responsibilities as Lynn Johnson's supervisor, trainer, and overseer of

her day-to-day activities; BAE Systems, as Schiller's employer, is therefore responsible for his actions under the DCHRA.

28.     As a result of Schiller's activities, for which BAE Systems bears responsibility, plaintiff lost promotional opportunities, and attendant benefits, and suffered severe emotional distress, which has adversely affected her physical and mental health, entitling her to compensatory damages, and appropriate equitable relief, and because Schiller's actions were malicious, wonton, gross, and egregious, she is entitled to punitive damages.

### . COUNT II: BAE SYSTEMS
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF D.C. CODE §2-1402.11 (2010)

29.     Plaintiff adopts and incorporates by reference paragraphs 1 through 28 above.

30.     The DCHRA makes it "an unlawful discriminatory practice" for an employer to discriminate because of gender in (1) hiring, compensation, and terms conditions or privilege of employment, including promotions; (2) employment referrals and classifications; and (3) job training. D.C. Code §2-1402.11 (2010).  An employer is liable for the prohibited actions of its employee under this provision whether involving a co-employee or fellow worker.

31.     Plaintiff, an adult female, is a member of the class protected by this provision; she was the victim of unwelcome and unprovoked sexually offensive conduct and derogatory epithets, slurs, negative stereotyping, sexual battery, and threatening, intimidating, and other hostile acts by Schiller in his capacity as her supervisor and trainer. BAE Systems is responsible, under the DCHRA, for Schiller's unlawful conduct.

32.     Because plaintiff was maliciously, wantonly, and cruelly subjected to severe psychological and physical stress as a result of the demeaning sexually charged environment created by Schiller, she suffered intense emotional distress, nervousness, tension, difficulty

10

sleeping, weight issues, loss of self-esteem, and social conflicts, entitling her to compensatory

damages, and because Schiller's conduct was vicious, egregious, and gross, plaintiff is entitled to

punitive damages from BAE Systems under the DCHRA for the actions of Schiller.

### COUNT III: BAE SYSTEMS
### RETALIATION
### IN VIOLATION OF D.C. CODE §2-1402.61 (2010)

33.     Plaintiff adopts and incorporates by reference paragraphs 1 through 32 above.

34.     The DCHRA makes it "an unlawful discriminatory practice" for an employer to

take adverse action against an employee "wholly or partially for a discriminatory reason."   DC

Code §§2-1402.11(a) (2010).  The DCHRA also makes it an unlawful employment practice to

retaliate against an employee for opposing an employment practice that is prohibited by the Act.

D.C. Code §§2-1402.11(a), 2-1402.61(a).

35.     BAE Systems, as Schiller's employer, is responsible for Schiller's unlawful

retaliatory conduct under §2-1402.61, in that his threats, obfuscation, and revengeful actions,

because she refused his sexual advances were the proximate cause of, and clearly linked to, the

interference with plaintiff's exercise and enjoyment of her statutory right to protection from

sexual harassment and to be free from an abusive and hostile work environment.

36.     As a result of Schiller's retaliation, and by extension BAE Systems as his

employer, plaintiff suffered the loss of a promotion to a permanent Analyst position, and related

fringe benefits, and sustained severe emotional distress, entitling her to compensatory damages,

and because Schiller's retaliation was so malicious, evil-mindedness, and egregious, plaintiff is

also entitled to punitive damages.

## COUNT IV: BAE SYSTEMS
## NEGLIGENCE

37      Plaintiff adopts and incorporates by reference paragraphs 1 through 36 above.

38.     BAE Systems was responsible for seeing that its employees, especially those like Schiller in close contact with and supervising women, were familiar with and observed the laws against sexual harassment and retaliation in the work place. That duty extended to Schiller and his relationship with plaintiff as her supervisor and trainer.

39.     BAE Systems failed to properly investigate Schiller's background and history with female peers, subordinates, and those he would be called upon to supervise. Had this been done thoroughly it would have developed that Schiller had well-known personal animosity toward women and had engaged in sexual harassment and other uncomfortable activities under similar circumstances in the past, including involving AQI Team female personnel before plaintiff arrived in Iraq.

40.     Having breached its duty to reasonably investigate the employment history of Schiller, especially his reputation in this regard in Iraq before plaintiff arrived, BAE Systems was negligent and its negligence was the proximate cause of the damages plaintiff has suffered.

41.     Plaintiff therefore seeks compensatory damages from BAE Systems for the sexual harassment, retaliation, and lost employment opportunities she has suffered because of the conduct of its employee, Schiller, all of which would not have occurred if BAE Systems had properly investigated Schiller's background and exercise effective supervisory control of him while he was in Iraq.

## COUNT V: BAE SYSTEMS/SCHILLER
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     Plaintiff adopts and incorporates by reference paragraphs 1 through 41 above.

43.     Intentional infliction of mental distress and emotional anguish is extreme or outrageous conduct that can be expected to distress a person of ordinary sensibilities and cause such mental and physical manifestations as depression, anxiety, anguish, weight loss or gain, sleeplessness, hypertension and lack of self worth, among other things.

44.     Schiller, in his position as supervisor and trainer of Lynn Johnson, intentionally inflicted sexually charged verbal and physical abuse on plaintiff when she refused his sexual advances, abuse so extreme, outrageous, and egregious that he knew, or did not care, that it would cause severe mental and physical harm to her and it did.

45.     As a result of Schiller's intentional infliction of emotional distress on plaintiff, he, in his own right, and BAE Systems, as his employer, are responsible for his conduct, and Lynn Johnson is entitled to compensatory damages from Schiller and BAE Systems for the emotional distress she suffered, and because such conduct was so extreme, outrageous, and egregious, without any mitigating circumstances, plaintiff is entitled to punitive damages from defendants for her injuries.

## COUNT VI: BAE SYSTEMS/SCHILLER
## SEXUAL BATTERY

46.     Plaintiff adopts and incorporates by reference paragraphs 1 through 45 above.

47.     The tort of battery consists of touching that is offensive to a reasonable person's sense of dignity by someone who intends harmful or offensive conduct; it includes touching in connection with sexual harassment as well as verbal abuse.

48.     Schiller, in his capacity as Lynn Johnson's supervisor, touched plaintiff, without her consent, on her buttocks, and, on multiple other occasions, inflicted severe verbal humiliation and emotional distress on plaintiff by his offensive sexual comments and activities..

13

49.    BAE Systems, as Schiller's employer, is liable for the tortious conduct of Schiller and responsible, as is Schiller personally, in damages, for the emotional and physical distress suffered by plaintiff resulting from Schiller's conduct.

50.    As a result of the Schiller's tortious conduct, Lynn Johnson is entitled to compensatory damages from Schiller and BAE Systems for the emotional distress she suffered, and continues to suffer, and because his conduct and actions were so extreme, outrageous, and egregious, without any mitigating circumstances, plaintiff is entitled to punitive damages from defendants for her injuries.

## COUNT VII: BAE SYSTEMS/SCHILLER
## DEFAMATION

51.    Plaintiff adopts and incorporates by reference paragraphs 1 through 50 above.

52.    Schiller, maliciously, in retaliation of plaintiff's rejection of his sexual advances, communicated, in writing and orally, factually false information to senior DIA officials, and others, that plaintiff's work product was faulty, inaccurate, poorly written, and below the standard for publication, and that she could not meet the required standards of a competent Analyst, when, in truth, her work had previously been accepted for publication by Schiller, and before she returned to the United States, was published under another's name.

53.    Schiller willful and malicious communication of such false information severely damaged plaintiff's reputation, caused her to be transferred from her Analyst position before her tour of duty was completed, and adversely affected her anticipated appointment to a permanent Analyst position.

54.    BAE Systems, as Schiller's employer, is liable, under the concept of respondeat superior, for the tortious conduct of Schiller and responsible, as is Schiller personally, for the damages plaintiff has suffered to her reputation and loss of career advancement.

55.     As a result of the Schiller's malicious and revengeful defamation of Lynn Johnson personally and her work product, she has been denied the opportunity to become an Analyst. Plaintiff is therefore entitled to compensatory damages from Schiller and BAE Systems for such lost opportunity, and because Schiller's conduct was willful, intentional, deliberate, egregious, and her reputation potentially damaged beyond repair, she is entitled to punitive damages.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment in her favor against BAE Systems and Schiller, jointly and severally as described above, as follows:

(A)     The award of actual damages suffered, plus interest, in an amount to be determined at trial;

(B)     The award of punitive damages in the amount of  $2,500,000;

(C)     The award of the costs of this suit, including attorney's fees; and

(D)     An order granting plaintiff such further relief, including equitable  relief, as the court deems just and reasonable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues and damages arising from this lawsuit.

Respectfully submitted,

Harry J. Jordan, Esq. Bar No. 047860
1730 M Street, NW, Suite 400
Washington, DC 20036
(202) 416-0216
hjjlalw@msn.com
Plaintiff's Counsel

Dated: November 28, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint was served, this 28th day of November, 2011, by first class mail, postage prepaid, on Raymond C. Baldwin, Esq., Seyfarth & Shaw, L.L.P., 975 F Street,  NW, Washington, DC 20004-1454, counsel of BAE Systems, Inc., and George M Chuzi, Esq.,1901 L Street, NW, Suite 610, Washington, DC 20036, counsel of defendant Thomas S. Schiller.

_____
Harry J. Jordan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LYNN M. JOHNSON | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil Action No. _____ |
| | ) |
| BAE SYSTEMS, INC., et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DECLARATION OF SYLVIA LACY-CROW IN**
**SUPPORT OF NOTICE OF REMOVAL**

I, Sylvia Lacy-Crow, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the Manager, Corporate Governance for BAE Systems, Inc. ("BAE

Systems"). If called as a witness, I would and could competently testify to all of the following

facts which are within my personal knowledge.

2.      BAE Systems is incorporated in the State of Delaware and its headquarters and

principal place of business is in Arlington, Virginia.

3.      BAE Systems' executives direct, control and coordinate the Company's business

from its headquarters in Arlington, Virginia.

I declare under the penalties of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed this seventh day of December 2011 at Herndon, Virginia.

_____
Sylvia Lacy-Crow

1400826v 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LYNN M. JOHNSON                           )
                                          )
     Plaintiff                         )
                                          )
v.                                        )       Civil Action No._____
                                          )
BAE SYSTEMS, INC., et al.                 )
                                          )
     Defendants.                       )
                                          )

## DECLARATION OF DONALD MORRISON IN SUPPORT OF NOTICE OF REMOVAL

    I, Donald A. Morrison, declare pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am the Vice President of Contracts, employed by BAE Systems Information Solutions Inc. ("BAE Systems"). If called as a witness, I would and could competently testify to all of the following facts which are within my personal knowledge.

    2.    BAE Systems is incorporated in the Commonwealth of Virginia and its headquarters and principal place of business is in Arlington, Virginia.

    3.    BAE Systems executives direct, control and coordinate the Company's business from its headquarters in Arlington, Virginia.

    I declare under the penalties of perjury under the laws of the United States of American that the foregoing is true and correct.

    Executed this 7th day of December 2011 at Arlington, Virginia.

_____
Donald Morrison

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| LYNN M. JOHNSON | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 2011 CA 008753 B |
| | ) Judge Michael L. Rankin |
| BAE SYSTEMS, INC., et al. | ) Next Event: Initial Conference |
| | ) February 3, 2012 |
| Defendants. | ) |
| | ) |

**NOTICE OF FILING OF NOTICE OF REMOVAL TO**
**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

To:    The Clerk Of The Superior Court Of The District Of Columbia

Harry J. Jordan, Esq.
1730 M Street, NW, Suite 400
Washington, DC  20036

PLEASE TAKE NOTICE that on the 8th day of December, 2011, Defendants BAE

Systems, Inc., BAE Systems Information Solutions, Inc. and Thomas S. Schiller (collectively,

"Defendants"), by and through counsel, filed their Notice of Removal of this action to the United

States District Court for the District of Columbia.  A true copy of the Notice of Removal is

attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court Of The District Of Columbia may

not proceed further with this matter at this time.

Dated: December 8, 2011

Respectfully submitted,

BAE SYSTEMS, INC. and BAE SYSTEMS
INFORMATION SOLUTIONS, INC.

By: _____

Raymond C. Baldwin, D.C. Bar No. 461514
Taron K. Murakami, D.C. Bar No. 499300
SEYFARTH SHAW LLP
975 F Street NW
Washington, DC 20004
(202) 463-2400
(202) 828-5393 (fax)
rbaldwin@seyfarth.com
tmurakami@seyfarth.com
*Attorneys for Defendants BAE Systems, Inc. and
BAE Systems Information Solutions. Inc*

THOMAS SCHILLER

By: _____

George M. Chuzi  DC Bar No. 336503
Kalijarvi, Chuzi, Newman & Fitch, P.C.
1901 L Street NW, Suite 610
Washington, D.C.  20036
(202) 331-9260
(866) 455-1504 (fax)
gchuzi@kcnlaw.com
*Attorneys for Defendant Thomas Schiller*

13997807v 1

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice Of Filing Of Notice Of Removal To The United States District Court For The District Of Columbia was served by first class mail, postage prepaid, this 8th day of December, 2011 on:

> Harry J. Jordan, Esq.
> 1730 M Street, NW, Suite 400
> Washington, DC  20036

Taron K. Murakami

3

13997807v 1